## Sinnott's Estate.

*Will—Gift of wife—Life estate—Use of residence—Taxes—Liability of taxes.*

Where a testator directs that his wife shall be permitted to occupy rent free his residence for the term of her life if she so desires, but if she ceases to reside at or does not wish to occupy the residence, the same shall be sold by his executors, and this is followed by a gift of the residue of his estate to his executors for certain trusts, and a general power of sale subject to the special provisions with respect to the residence, the wife takes a mere right to occupy the residence, and not a life estate in it, and is not liable for the taxes on it.

Argued Dec. 6, 1912. Appeal, No. 262, Dec. T., 1912, by Clinton R. Sinnott, from decree of O. C. Montgomery Co., Feb. T., 1912, No. 12, dismissing exceptions to adjudication in Estate of Joseph F. Sinnott, deceased. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Exceptions to adjudication. Before Solly, P. J.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*M. Hampton Todd,* with him *N. H. Larzelere,* for appellant.

*Maurice Bower Saul,* with him *Franklin L. Wright* and *John G. Johnson,* for appellee, cited: Bender v. Bender, 226 Pa. 607; Daly's Estate, 11 W. N. C. 514.

Opinion by Porter, J., April 21, 1913:

This is an appeal from the adjudication of the fourth account and decree of distribution of the balance in the hands of the accountants, as executors and trustees under

the will of the decedent. The accountants had paid the taxes for the year 1911 upon the late residence of the decedent, known as Rathalla, situate at Rosemont, in Montgomery county, amounting to $1,345.67, and had charged that amount, in distribution, against the share of the widow, in the income of the real estate. The widow, Annie E. Sinnott, filed an exception to this charge, which exception the court below sustained, holding that these taxes were chargeable against the general income derived from the real estate and should be deducted from that fund in order to ascertain the net balance for distribution among the widow and devisees of the income. Clinton R. Sinnott, a son of testator and a devisee of part of the income, appeals from the decree and assigns for error that particular ruling. The only question presented is whether the estate, interest, or privilege in the residence, called Rathalla, which Annie E. Sinnott, the widow, took under the will of the decedent, was of such a nature as to impose upon her the legal duty to pay the annual taxes upon the property.

The appellant contends that the widow took a life estate in Rathalla and that the payment of the annual taxes is a legal incident of such estate. If this contention as to the nature of the interest of the widow in the property is well founded, it is not seriously questioned that the liability for the taxes follows as a result. The determination of the question must necessarily turn upon the provisions of the will. The material clauses of the will are as follows: "Second: I give, devise and bequeath unto my dear wife Annie E. Sinnott one full equal one-third part of my personal estate absolutely and one full equal one-third part of the rents and profits of my real estate for and during all the term of her natural life. This devise and bequest to be in full of any dower or right of dower or any share my said wife might be entitled to in my said estate under the intestate laws of the State of Pennsylvania or otherwise. I also direct that my said wife shall be permitted to occupy rent free my residence known as Rath-

alla, situate at Rosemont, Montgomery County and State of Pennsylvania, for the term of her life if she so desire and if my said wife should continue after my death to occupy Rathalla during the first two years of such occupancy I authorize and direct to be paid to her by my executors the sum of twenty-five thousand dollars a year during these two years for purposes of her support and the support of any of my family residing with her at said house. Upon my said wife ceasing to reside at or not wishing to occupy said Rathalla I direct the same shall be sold by my executors." "Seventh: All the rest, residue and remainder of my property and estate of whatsoever kind and wheresoever situate both real and personal of which I may die seized, possessed or in any manner entitled to I give, devise and bequeath unto my executors hereinafter named . . . . in trust to hold the corpus or principal thereof and to invest and reinvest my personal property and to rent, manage, lease, sell, assign, transfer, mortgage or convey any or all of my real estate . . . . and to invest and reinvest any proceeds derived from any sale and to collect the rents, issues, profits, dividends, interest and income derived therefrom and after deducting all necessary expenses of the trust and paying the sum of twenty-five thousand dollars each year for two years to my wife as hereinbefore provided, should she occupy Rathalla." Then follow detailed provisions as to the distribution of the income. And in the final clause of the will is found this provision: "I authorize and empower my executors and trustees and the survivor and survivors of them and their successor or successors subject to the special provisions hereinbefore made respecting Rathalla to sell any or all of my property and estate, real or personal, either at public or private sale at such time or times as they may see fit and for such price or prices as they may deem best . . . . freed and discharged of all trusts and limitations of this my last will and testament." Here again follow further directions as to the manner in which the proceeds of the same are to be reinvested.

The testator died in 1906 and Annie E. Sinnott, the widow, continued to reside at and occupy Rathalla, as her home. During the first two years of that interval the accountants paid her the sum of $25,000 per year for her support and the support of such members of her family as resided with her at her home, as directed by the will. The interest of the widow in Rathalla, in 1911, was not, therefore, complicated by any charge upon that property, or upon the estate generally, for maintenance or support, as distinguished from the right to occupy the residence. The primary devise to the widow, of "one-third part of the rents and profits of my real estate for and during all the term of her natural life," undoubtedly vested in her a life estate in the one undivided third part of Rathalla. This, without more, would render her liable for one-third of the taxes in question, and the decree of the court below required her to pay that one-third, for the taxes were taken out of the income, as expenses of the trust, before her share of that income was ascertained. This brings us to the consideration of the provisions of the will which specifically deal with Rathalla, the residence. If the testator had, in disposing of Rathalla, merely written, "I also direct that my said wife shall be permitted to occupy rent free my residence known as Rathalla . . . . for the term of her life if she so desire," there might possibly have been room for argument that it was his intention to give her more than a mere privilege to personally occupy the residence, and that a life estate was thereby created which it was within her power to alienate. In that case those who asserted that her right in the property was merely to occupy it for her personal residence and that she could not, while making her home elsewhere, convey her right to another, would have been compelled to rely on a mere implication, arising from the peculiar words used by the testator. This testator was careful not to leave anything to implication; having directed that his wife should be "permitted to occupy rent free my residence . . . . if she so desire," he took pains to negative

any suggestion that it was his intention that she should have the right to use the property by her grantee, or lessee or in any manner other than for her personal residence; by adding the final sentence: "Upon my said wife ceasing to reside at or not wishing to occupy said Rathalla I direct the same shall be sold by my executors." The direction to the executors and trustees confirms the view, that the testator had clearly in his mind the intention to give his wife the privilege of living at the residence, and that when she no longer continued to personally reside there that the place should be sold; that intention he expressed in words which admit of no misunderstanding, or doubt. The enjoyment by the widow of the right to occupy the residence depends upon the express condition that she shall continue to there reside. This was undoubtedly an incumbrance or charge upon the title, in the hands of the trustees, but an incumbrance is not necessarily an estate in land. The right of the widow to occupy the residence is a personal privilege or license, not a life estate in land: Wusthoff v. Dracourt, 3 Watts, 240; Calhoun v. Jester, 11 Pa. 474; Callen v. Hilty, 14 Pa. 286; Baldwin v. Taylor, 166 Pa. 507; Daly's Estate, 11 W. N. C. 514; Shipley's Estate, 45 Pa. Superior Ct. 570. Her right is not alienable, and is not liable to judgment and execution by her creditors. It was evidently the intention of the testator that the occupancy of the residence by his wife should be under the title of the executors and trustees, that she should hold under them, that the relation was one to which the payment of rent would be an appropriate incident, and it was no doubt for this reason that he directed that she should be permitted to occupy "rent free" his residence. The appellee was not vested with such an estate in the land as to render her liable for the payment of the taxes, and the specifications of error are dismissed.

The decree of the court below is affirmed, and the appeal dismissed at cost of the appellant.