## Henris's Estate.

*Taxation—Collateral inheritance tax—Decedents' estates—Estate for life.*

Where a testatrix bequeaths to a collateral kin "the income and dividends upon" certain shares of the stock of a corporation for "the term of her natural life," and the stock itself after the death of the beneficiary to the husband of the testatrix, the life interest of the beneficiary is subject to the collateral tax, and the value of such interest is ascertained by taking into consideration the market value of the stock as of the date of the death of the decedent in connection with the expectancy of life of the legatee. The tax thus ascertained may be paid by the legatee in a lump sum or in annual installments until her death.

Argued Dec. 6, 1912. Appeal, No. 90, Oct. T., 1912, by George F. Henris, from decree of O. C. Montgomery Co., Sept. T., 1911, No. 3, dismissing exceptions to adjudication in Estate of Annie Fray Henris, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Exceptions to adjudication.

SOLLY, P. J., filed the following opinion:

The second item of the will of the testatrix reads as follows:

"I give, devise and bequeath unto Agnes Cecelia Donovan, during the term of her natural life, the income and dividends upon the books of the John B. Stetson Company, forty-eight shares thereof being of the preferred stock of said company, and the balance, or other forty-eight shares thereof, being of the common stock of the said company. After decease of the said Agnes Cecelia Donovan I give, devise and bequeath the above mentioned ninety-six shares of stock unto my husband, George Francis Henris, absolutely."

The decedent died possessed of said stock. Agnes Cecelia Donovan is not a lineal descendant of the decedent. An appraiser appointed by the register of wills valued the stock at $22,272; fixed the yearly income at $1,336.02; ascertained the present worth of the life interest of the legatee at $11,097.14; and assessed the collateral inheritance tax due at $554.85, if presently paid, or, at $66.81 if paid each year during the legatee's life.

Both the executor and the legatee have taken an appeal from the appraisement and the assessment. They claim that neither the estate nor the legatee is liable for the tax, first, because no part of the estate of the decedent passed at her death to the said Agnes Cecelia Donovan; secondly, because the stock passed to the husband of the decedent, and only the dividends which should be declared thereon after her death are payable to said Agnes, which dividends cannot form a part of decedent's estate, of which she died possessed.

The commonwealth concedes that income which accrues after the death of a testator is not subject to the payment of collateral inheritance tax qua income, because it is no part of his estate at the time of his death, and, therefore, does not pass under his will (Williamson's Estate, 153 Pa. 508), but it contends that under the will of Mrs. Henris the bequest to Agnes Cecelia Donovan is

the gift of the stock for her life, with remainder over to the husband, after her death, and consequently the value of the life estate is taxable.

We think the intention of the testatrix as gathered from her whole will is manifest. The meaning of the will is plain. Agnes is to have the income and dividends of the stocks during her life; the husband of the testatrix is to have the stock after the death of Agnes. She is to have the enjoyment of a certain thing as long as she lives. She is given a life estate in the stock, and when she dies the stock is then given to the husband. The legal effect of the bequest is the same as if the testatrix had given an annuity to Agnes, or, the income of a certain amount of money during her life. In either case she would have had the use of a part of decedent's estate as long as she lived. So much of the estate would have passed to her to be enjoyed during her life. Under the bequest here the stock, of which the decedent died possessed, passes to Agnes for the period of her life. It follows that her life interest in the stock is subject to the payment of collateral inheritance tax.

Annuities are subject to the tax (Holbrook's Est., 20 W. N. C. 79), and so, too, are life estates. Section 12 of the Act of May 6, 1887, P. L. 79, expressly provides that it shall be the duty of the appraiser appointed by the register of wills to assess and fix the cash value of annuities and life estates growing out of estates subject to the tax, and the tax shall be immediately payable out of the estate at the rate of such valuation: Burkhart's Est., 25 Pa. Superior Ct. 514.

All estates which pass from a decedent to persons or bodies corporate, other than the persons expressly named in the act, are made subject to the tax. The appraiser has found that Agnes Cecelia Donovan is given a life estate in the Stetson stock, and in the performance of his duty he has fixed the cash value of such estate, and assessed the amount of tax due thereon. The tax is payable either by the life beneficiary, or it must be

retained by the executor out of the dividends and income of the stock and by him paid to the commonwealth: Brown's Est., 208 Pa. 161.

Upon appeal from the appraisement the court is to determine all questions of valuation and of the liability of the appraised estate for the tax. There is nothing before us tending to show that the valuation made by the appraiser is unfair or unjust. He has appraised the stock at its market value as of the date of decedent's death, and upon such valuation or appraisement he has correctly assessed the tax.

Our conclusion is not in conflict with the ruling in Curtis's Estate, 27 Montg. County Law Repr. 108. In that case all the estate was given to the husband of the decedent for life with power of consumption. The testatrix directed he should pay to her sisters two years after her death, certain sums of money out of future income. No part of the estate of which she died seized and possessed passed to the sisters at the time of her death. The gifts were clearly payable out of future income, and not liable for collateral inheritance tax: Williamson's Est., 153 Pa. 508.

And now, January 11, 1912, after argument and due consideration, the appeal is dismissed at the costs of the appellants.

*Errors assigned* were in dismissing exceptions to adjudication.

*William Gorman*, with him *John F. Gorman*, for appellant.—The effect of charging on principal would be to lessen the bequest to the husband which is contrary to the act of assembly: Miller's Est., 5 Pa. C. C. Repr. 522; Curtis's Est., 27 Montg. County Law Repr. 108; Williamson's Est., 153 Pa. 508; Commonwealth v. Naile, 88 Pa. 429; Richardson's Est., 22 Montg. County Law Repr. 137; Abraham's Est., 25 Montg. County Law Repr.

The decedent had a perfect right to give the income and dividends to one, and the stock to another, and each will take what is given them: Dulles's Est., 218 Pa. 162; Eichelberger's Est., 26 W. N. C. 209; Bentley v. Kauffman, 86 Pa. 99.

The collateral tax is not a tax upon persons: Matter of Hoffman, 143 N. Y. 327; Strode v. Commonwealth, 52 Pa. 181.

It is a tax upon the estate of the decedent of which he died seised or possessed. There must be seisen or possession under the act: Dos Passos on Inheritance Tax Law, chap. 2, sec. 8; Finnen's Est., 196 Pa. 72: Beals v. State, 139 Wis. 544.

*Montgomery Evans*, with him *John M. Dettra*, for appellee.—The clear purpose and meaning of the bequest to Agnes Cecelia Donovan is a life estate in this corporation stock with remainder over at the expiration of the life estate. The form of the bequest is not important if the meaning be plain: Flickwir's Est., 136 Pa. 374; Williamson's Est., 153 Pa. 508; Burkhart's Est., 25 Pa. Superior Ct. 514; Lea's Est., 194 Pa. 524.

OPINION BY ORLADY, J., July 16, 1913:

The conclusion reached by the court below is fully sustained by the authorities cited, and his construction of the will of the decedent meets with our approval. Section 6 of the Act of May 6, 1887, P. L. 79, provides: "If the legacy subject to the collateral inheritance tax be given to any person for life, or for a term of years, or for any other limited period, upon a condition or contingency, if the same be money, the tax thereon shall be retained upon the whole amount; but if not money, application shall be made to the orphans' court having jurisdiction of the accounts of the executors or administrators to make apportionment, if the case requires it, of the sums to be paid to said legatees, and for such further order relative thereto as equity shall require." And sec. 12, as follows:

" And it shall further be the duty of such assessor to assess and fix the cash values of all annuities and life estates growing out of said estates, upon which annuities and life estates the collateral inheritance tax shall be immediately payable out of the estate at the rate of said valuation." And this is an answer to the contention of the appellant. No form of wording of the bequest can be permitted to evade the liability of an estate to the collateral inheritance tax if the meaning of the testator is plain. See also Shipley's Est., 45 Pa. Superior Ct. 570, and Sinnott's Est., 53 Pa. Superior Ct. 383.

The decree is affirmed.