## Loomis' Estate

*Barton Grubbs, 2nd,* and *John C. Ferguson,* for accountant.

*Herbert E. Pilgram,* for estate of deceased life tenant.

*Raymond D. Evans,* for Commonwealth.

Cox, J., December 5, 1947.—The facts and questions of law involved in this case are fully set forth in the statement of facts, agreed to by counsel and submitted to the court by stipulation. The stipulation is as follows:

"Alice H. Loomis, a resident of the City of Pittsburgh, Allegheny County, Pa., died on April 15, 1946, and by article V of her last will and testament dated March 29, 1946, bequeathed her residuary estate to her executor, James C. Lear, in trust to pay the income to her sister, Clara H. Wood, for life.

"Clara H. Wood, the life tenant, died on June 24, 1946, only 70 days after the death of Alice H. Loomis, whose estate is now before your honorable court for distribution.

"On February 14, 1947, the Department of Revenue of the Commonwealth of Pennsylvania filed its appraisement of the estate of Alice H. Loomis, wherein the life estate of Clara H. Wood was appraised for 10 percent taxation at a value of $49,253.69.

"On February 28, 1947, John M. Huston, as register of wills and agent of the Commonwealth of Pennsylvania, presented to the executor the claim of the Commonwealth for inheritance tax, wherein said life estate was valued at $41,073.42 and inheritance tax was claimed thereon in the sum of $4,107.34.

"At the audit of the first and final account of James C. Lear, executor of the above estate, before his honor, Judge Cox, on April 22, 1947, counsel for the executor contended that the tax claim of the Commonwealth could be asserted against the estate only to the extent of the net income properly apportionable to the life tenant during the period of her survivorship. According to the calculation set forth in the audit statement, such net income amounted to the sum of $904.87, far less than the amount of tax claimed.

"Counsel for the executor of the life tenant's estate also appeared at the audit and contended that the estate of the life tenant was not liable for the excess of the tax claimed over such net income."

The appraisement of the life estate of Clara H. Wood was properly made in accordance with the provisions of section 10 of article II of the Transfer Inheritance Act of June 20, 1919, P. L. 521, which provides:

"The register of wills of the county in which letters testamentary or of administration are granted upon the estate of any person dying seized or possessed of property while a resident of the Commonwealth, shall appoint an appraiser, whenever occasion may require, to appraise the value of the property or estate of which such decedent died seized or possessed and hereinbefore subjected to tax. Such appraiser shall make a fair, conscionable appraisement of such estates, and assess and fix the cash value of all annuities and life-estates growing out of said estates upon which annuities and life-estates the tax imposed by this act shall be immediately payable out of the estate at the rate of such valuation."

Although the death of the life tenant occurred before the assessment, and fixed the actual length of her life estate, the duration and value of her taxable life estate is determined as if the appraisement were made at the time of the death of decedent, while the

life tenant was still living. See Rowell's Estate, 315 Pa. 181.

The statutory time for an appeal having passed, and no appeal having been taken, the assessment of the tax on the life estate of Clara H. Wood cannot be attacked collaterally at the audit of the estate of Alice H. Loomis.

The Pennsylvania transfer inheritance tax is not a tax on a decedent's estate. It is a tax imposed on the transfer of assets of a decedent's estate, either by testacy or intestacy.

The duty is imposed on decedent's personal representative to deduct the tax from that portion of decedent's estate distributed to each distributee.

The effect of the act is to divide the assets of a decedent in the hands of his personal representative into as many portions as there are distributees, and to make each portion liable for the tax assessed against it prior to transfer by the personal representative. No portion of a decedent's estate is liable for tax assessed against any other portion.

Under the provisions of the will of Alice H. Loomis the life estate bequeathed to Clara H. Wood consisted of income earned by the principal of the estate, the principal being retained by the personal representative of Alice H. Loomis. The total life estate of Clara H. Wood consists of $904.87, which was not distributed to the life tenant prior to her death. This entire sum is liable for the tax on the life estate of Clara H. Wood, and will, therefore, be distributed to the Commonwealth in part payment of the total tax on the life estate of $4,107.34.

The remainder of the estate of Alice H. Loomis in the hands of her executor is not liable for the payment of the unpaid balance of the tax on the life estate. See Crane's Estate, 314 Pa. 193, wherein the court said: "There is no authority in law for payment of the tax

on life estates out of principal. Indeed, the very opposite is true." (p. 199.)

The general law is well established that where there is no direction in the will to the contrary the tax upon a life estate is payable only from the life tenant's income: Stoke's Estate, 20 W. N. C. 48; Socks' Estate, 9 Dist. R. 101; Constable's Estate, 299 Pa. 509; Wharton's Estate, 14 Phila. 279; Christian's Estate, 2 Pa. C. C. 91; Henris' Estate, 53 Pa. Superior Ct. 633; Montgomery's Estate, 63 Pa. Superior Ct. 318; Hamilton's Estate, 47 Pa. Superior Ct. 428; Crane's Estate, supra; Brown's Estate, 208 Pa. 161; Penn-Gaskell's Estate, 208 Pa. 342.

In the will of Alice H. Loomis there is no provision to the contrary, and the general rule applies in this case that bequests, legacies, and devises must bear their own tax.

It is conceded by counsel for the Commonwealth that a life tenant is not personally liable for the payment of transfer inheritance tax on a life estate. It follows that the estate of a deceased life tenant is not liable.

As a result of nonliability of the remaining estate of decedent or the estate of the deceased life tenant, for payment of the balance of the tax on the life estate, it is uncollectible.

We cannot see that the loss of this tax imposes any hardship on the Commonwealth. If there is any injustice, it lies in the fact that under the law of this Commonwealth the tax on the actual life estate of Clara H. Wood was confiscatory in that it took her entire life estate.

In accordance with the views we have expressed in this opinion the claim of the Commonwealth against the estate of Alice H. Loomis for payment of transfer inheritance tax on the life estate of Clara H. Wood is allowed in the amount of $904.87. A decree of distribution will be made accordingly.